RECEIVED
JUL 1 0 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| PAM THIBODEAUX | CIVIL ACTION NUMBER 06-2195 |
| VERSUS | JUDGE DOHERTY |
| WILEY E. NED MAULDIN, ET AL | MAGISTRATE JUDGE METHVIN |

### MEMORANDUM RULING ON MOTION TO DISMISS

Pending before the Court is a Motion to Dismiss Pursuant to Rule 12(b)(1) and 12(b)(6) [Doc. 6], filed by defendants, Officer Wiley E. Mauldin, individually and in his official capacity as a police officer for the Town of Church Point, and the Town of Church Point. The Motion to Dismiss is opposed by plaintiff. For the following reasons, the Motion to Dismiss Pursuant to Rule 12(b)(1) and 12(b)(6) **[Doc. 6]** is **DENIED**.

### BACKGROUND

This matter comes to the Court by way of a complaint filed by plaintiff under Title VII of the Civil Rights Act of 1964, 42. U.S.C. § 2000(e), *et seq.*, and 42 U.S.C. § 1981. [Doc. 1]. Defendants, Officer Wiley E. Mauldin and the Town of Church Point, filed the instant Motion to Dismiss [Doc. 6], alleging this Court lacks subject matter jurisdiction because plaintiff failed to exhaust her administrative remedies pursuant to Civil Rights Act of 1964 as she: (1) never filed an "EEOC complaint nor obtained a right-to-sue letter;" and (2) did not file an "EEOC charge within 300 days after [November 15, 2005,] the last alleged date of harassment."

In opposition, plaintiff attached a copy of a June 23, 2006 "EEOC Charge Questionnaire" and

"EEOC Supplemental Intake Questionnaire," which indicates a complaint with the U.S. Equal Employment Opportunity Commission was filed by plaintiff within 300 days from November 15, 2005. [Doc. 10]. Additionally, plaintiff submitted a copy of a December 7, 2006 Notice of Dismissal and Right to Sue" issued to plaintiff by the U.S. Equal Employment Opportunity Commission." *Id.*

## LAW

### A. Standard of Review

#### 1. Motion to Dismiss pursuant to Rule 12(b)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides that a court may dismiss a matter for lack of subject matter jurisdiction. The motion may take the form of either a facial attack or a factual attack. *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981). In a facial attack on subject matter jurisdiction, the Court looks at the face of the complaint and considers all material allegations in the complaint as true. *Id.* However, in a factual attack on subject matter jurisdiction, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude a Court from evaluating the merits of the jurisdictional claims." *Id.* at 413. In a factual attack on subject matter jurisdiction, the Court may take into consideration matters outside the pleadings.[1] *Oaxaca v. Roscoe*, 641 F.2d 386, 391 (5th Cir. 1981).

When a party challenges subject matter jurisdiction, the Court is given authority to resolve factual disputes, along with discretion to devise a method for making a determination with regard to the jurisdictional issue. *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 171 (5th Cir. 1994). When dismissing a cause of action for lack of subject matter jurisdiction, the Court can consider (1)

---

[1] Defendants, Officer Wiley E. Mauldin and the Town of Church Point, note in their Motion to Dismiss that they "assert a factual attack to this Court's jurisdiction."

the complaint on its face; (2) the complaint with undisputed facts as set out in the record; or (3) the complaint with undisputed facts and the Court's resolution of any disputed facts. *Williamson, supra* at 413.

2.     **Motion to Dismiss Pursuant to Rule 12(b)(6)**

In a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all well-pleaded facts as true and view the facts in the light most favorable to plaintiffs. *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.1996); *American Waste & Pollution Control Co. v. Browning-Ferris, Inc.*, 949 F.2d 1384, 1386 (5th Cir.1991). The Court will generally not look beyond the face of the pleadings to determine whether dismissal is warranted under Rule 12. Fed.R.Civ.P. 12(b).

However, pursuant to Federal Rule of Civil Procedure 12(b), if matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56. Fed R. Civ. Pro. 12(b)(6); *see, e.g., Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir.1999) (consideration of documents outside the pleadings requires converting the motion to one for summary judgment).

**DISCUSSION**

In their motion to dismiss pursuant to Rule 12(b)(1), defendants argue this Court's jurisdiction is defective because plaintiff has not exhausted her administrative remedies because she "never filed an EEOC complaint nor obtained a right to sue letter." In response, plaintiff submitted a copy of her June 23, 2006 "EEOC complaint" and the December 7, 2006 "Notice of Dismissal and Right to Sue" letter, which undermines the jurisdictional argument made by defendants, Office

Mauldin and the Town of Church Point. To date, defendants, Officer Mauldin and the Town of Church Point, have submitted no response to plaintiff's apparent cure of the jurisdictional defect. Thus, at this time, the Court finds defendants, Officer Mauldin and the Town of Church Point, have failed to carry their burden of proof that this Court lacks subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

In their motion to dismiss pursuant to Rule 12(b)(6), defendants, Officer Mauldin and the Town of Church Point, again assert plaintiff filed no EEOC complaint before filing her petition in this matter. As discussed above, plaintiff has submitted for the Court's review a copy of her complaint with the EEOC as well as her "Notice of Termination and Right to Sue" letter, indicating plaintiff in fact filed a complaint and was notified of her "right to sue." In consideration of the pleadings and submissions outside the pleadings, pursuant to Rule 12(b)(6) and Rule 56 of the Federal Rules of Civil Procedure, this Court finds defendants, Officer Mauldin and the Town of Church Point, have failed to carry their burden in establishing there is no genuine issue of material fact this Court lacks jurisdiction and that they are entitled to a judgment as a matter of law.

## CONCLUSION

In consideration of the foregoing, the Motion to Dismiss Pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure [**Doc. 6**], filed by defendants Officer Mauldin and the town of Church Point, is hereby **DENIED**.

THUS DONE AND SIGNED in Lafayette, Louisiana on this _____ day of July, 2007.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE